**Daniel Lovall SPIGNER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 21187.

United States Court of Appeals
Ninth Circuit.

Dec. 8, 1966.

Gerald D. Lenoir, Los Angeles, Cal., for appellant.

Edwin L. Miller, U. S. Atty., Shelby R. Gott, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before BARNES, JERTBERG and BROWNING, Circuit Judges.

PER CURIAM.

This is an appeal from a verdict of guilty on each count of a three count indictment, charging the appellant with (a) smuggling 30 lbs. of marijuana into the United States; (b) concealing and transporting said 30 lbs. of marijuana within the United States; and (c) smuggling certain merchandise, viz. two revolvers and certain ammunition, into the United States. The court below had jurisdiction (21 U.S.C. § 176a; 18 U.S.C. § 545), and so do we (28 U.S.C. § 1291).

This appeal raises two questions:

■■ 1. The sufficiency of the evidence

There is no merit to the contention that there was insufficient evidence to sustain the conviction. See Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Appellant urges that "certain statements" made by him after his arrest were inadmissible because contrary to the rule announced in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Assuming

that the statements made come within the *Miranda* rule, that rule was held retroactive only to persons whose trials began as of June 13, 1966 or thereafter (Johnson v. State of New Jersey, 384 U.S. 719, 730, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).) Appellant was tried on March 29, 1966. Hence the *Miranda* rule does not apply to him.

2. The examples

Appellant objects to certain examples given by the trial judge (when instructing the jury), in explanation of the difference between "actual" and "constructive" possession, and between "joint" and "sole" possession. Without stating why or in what manner the illustrations were erroneous, appellant urges they were "unfair" and "confused" and did "mislead" the jury. We do not agree. We think they were of aid to a proper consideration of the case.

We find appellant had a fair trial, and no error exists. We affirm.